11-4130
Puspita v. Holder

BIA
Hom, IJ
A089 198 382

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse,40 Foley Square, in the City of New York, on the 13th day of September, two thousand thirteen.

PRESENT:
> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

WAICELLIA CHANDRA PUSPITA,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

11-4130

NAC

_____

FOR PETITIONER: H. Raymond Fasano, Youman, Madeo & Fasano, LLP, New York, N.Y..

FOR RESPONDENT: Stuart F. Delery, Acting Assistant Attorney General; Melissa Neiman-Kelting, Senior Litigation Counsel; Lori B. Warlick, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Waicella Chandra Puspita, a native and citizen of Indonesia, seeks review of a September 12, 2011, decision of the BIA, dismissing her appeal from the April 5, 2010, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Waicella Chandra Puspita*, No. A089 198 382 (B.I.A. Sept. 12, 2011), *aff'ing*, No. A089 198 382 (Immig. Ct. N.Y. City Apr. 5, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances presented, we review both the IJ's and the BIA's decisions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam)(internal quotation marks omitted). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

Substantial evidence supports the agency's determination that Puspita failed to establish a pattern or practice of persecution against ethnic Chinese Christians in Indonesia, thus vitiating her claim of a well-founded fear of future persecution. As the agency observed, record evidence—and, in particular, recent U.S. State Department reports—confirms that ethnic and religious conflict has decreased substantially in recent years, and that the Indonesian government has taken noticeable steps to prosecute those responsible for sectarian violence. These facts refute Puspita's assertion that the Indonesian government is unwilling or unable to control anti-Chinese Christian violence, and are fatal to her pattern-or-practice claim. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (identifying no error in agency determination that there is not a pattern or practice of persecution of ethnic Chinese Christians in Indonesia based on U.S. State Department reports).

In addition, we decline Puspita's invitation to adopt the "disfavored group" analysis addressed by the Ninth Circuit in *Sael v. Ashcroft*, 386 F.3d 922, 925 (9th Cir. 2004), which we have consistently refused to adopt in the past, and we conclude that, in general, the BIA's legal

3

analysis of Puspita's pattern-or-practice claim was proper. Moreover, unlike the situation in *Mufied v. Mukasey*, 508 F.3d 88, 93 (2d Cir. 2007), the agency here considered Puspita's pattern-or-practice claim. For these reasons, the agency did not err by denying Puspita's claims for asylum and withholding of removal, which were based on the same factual predicate.[1] *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

The petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Because Puspita does not challenge the agency's determination that she failed to demonstrate past persecution or the agency's denial of her claim for CAT relief, she has abandoned these issues and we decline to consider them. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

4